No. 27,798.

LOUIS A. WULFKUHLE, *Appellant,* v. GEORGE REYNOLDS and EARL REYNOLDS, Partners Doing Business as The Gibson Mill, *Appellees.*

(262 Pac. 498.)

SYLLABUS BY THE COURT.

FACTORY ACT—*Breaches Within Act—Failure to Provide Light.* In an action to recover damages for personal injuries, held failure to place an artificial light in close proximity to the grinders of a mill was not a breach of the factory act.

Appeal from Douglas district court; HUGH MEANS, judge. Opinion filed January 7, 1928. Affirmed.

*John J. Riling* and *Edward T. Riling,* both of Lawrence, for the appellant.
*George K. Melvin* and *R. E. Melvin,* both of Lawrence, for the appellees.

The opinion of the court was delivered by

HOPKINS, J.: The action was one to recover damages for injury to plaintiff's hand. A demurrer to plaintiff's evidence was sustained and he appeals. The facts were substantially these:

Defendants operated a mill and elevator. Plaintiff, an employee, was engaged in grinding and milling various grains and at the time of the accident was mixing chicken feed. The machinery which plaintiff was operating consisted of grinders or rollers. It was encased or inclosed in a wooden box or frame in order to keep the grain and dust in and to prevent persons from being injured from the outside. It was necessary for plaintiff to insert his hand in the framework to dust the rollers. In so doing his hand was caught and so badly mashed and injured that amputation was necessary. He sought recovery under the factory act, contending that the grinders or rollers were not properly operated in that no light was provided

Master and Servant, 39 C. J. p. 408 n. 64.

so that the operation of the rollers could be seen when dusting them off was necessary.

There was evidence showing these facts. The machinery was operated by electricity. It was located in a room about thirty feet square, in the southwest corner of the building. Another room was north of it, the two being separated by a partition twenty feet high. There was no window in the room on the north and no window or opening on the west. The only natural light in the room where the grinders were located came from the south. Plaintiff was compelled to work on the north side of the grinders about eight feet from the north side and two feet from the west side of the thirty-foot room. A fifty-watt electric light hung about a foot east and four feet north of the grinder but in such position that the workman in opening the door of the framework stood between the light and the rollers so that his shadow was thrown upon the rollers when the door was open. There was no other light on the machine, on the rollers, or that would shine into the opening other than that from the electric light above mentioned. It was necessary to adjust the machinery and to dust and clean it, especially when mixing the feed, in which plaintiff was at the time engaged. It was his duty to keep the machine clean. An electric light could have been placed on a bracket and fastened to a post or pillar near the machinery so that it would shine over and into the machine, or one could have been dropped from a cord from the ceiling and used for lighting the rollers when necessary to remove the dust or mold which gathered upon the rollers, or the machinery itself could have been placed nearer a window. The accident occurred when plaintiff reached his hand into the machine for the purpose of removing mold and dust. He could not see the rollers, got his hand in a little too far and was caught.

He contends that the question of defendant's negligence was one of fact for the jury. The pertinent section of the factory act reads:

"Every person owning or operating any manufacturing establishment in which machinery is used shall furnish and supply for use therein belt-shifters, or other safe mechanical contrivance, for the purpose of throwing on or off belts or pulleys, and wherever it is practicable machinery shall be operated with loose pulleys. All vats, pans, saws, planers, cog gearing, belting, shafting, set screws, and machinery of every description used in a manufacturing establishment shall, where practicable, be properly and safely guarded for the purpose of preventing or avoiding the death of or injury to the persons employed or laboring in any such establishment; and it is hereby made the duty of all

persons owning or operating manufacturing establishments to provide and keep the same furnished with safeguards as herein specified." (R. S. 44-104.)

The view of a majority of this court is that the want of a light in close proximity to the grinders was not a breach of the factory act—that it cannot be said that such a light so placed would have been practical or that it would have safeguarded the plaintiff against injury. Manifestly the way to safeguard a workman's fingers when he is cleaning grinders is to shut off the machinery. Regrettable though it be, the employer cannot be held to a breach of the factory act.

The judgment is affirmed.

HOPKINS, J. (dissenting): The factory act, in my opinion, requires the owner or operator of manufacturing establishments to provide sufficient light, at least when practicable, that employees may see the machinery they are compelled to operate. Arrangement of machinery near windows, or placing of artificial lights near machinery where practicable would properly and safely guard workmen against injury as well as other contrivances specifically mentioned in the statute. For this reason I am of opinion that the question of practicability and as to whether or not the owner or operator of the mill in the instant case should have provided other light upon the grinders in question was one of fact for the jury.

JOHNSTON, C. J., joins in the dissent.